UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| G.C., a minor, by and through natural parents, APRIL CONNER and MICHAEL CONNER, and APRIL CONNER and MICHAEL CONNER, individually, <br><br> Plaintiffs, <br><br> v. <br><br> DISNEY DESTINATIONS, LLC d/b/a WALT DISNEY PARKS AND RESORTS, US, INC., and WALT DISNEY PARKS AND RESORTS US, INC. d/b/a DISNEY'S CONTEMPORARY RESORT and BAYVIEW GIFTS AND FASHIONS, and DISNEY STORE USA, LLC, d/b/a BAYVIEW GIFTS AND FASHIONS, and LI AND FUNG TRADING LIMITED <br><br> Defendants. | No.: 3:12-CV-54 <br> (VARLAN/GUYTON) |

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on the Motion to Dismiss [Doc. 6], submitted by defendant, Walt Disney Parks and Resorts U.S., Inc. ("WDPR"), pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. In the motion, WDPR moves the Court for an order dismissing all claims in the complaint as those claims relate to WDPR. Plaintiffs have submitted a response in opposition [Docs. 9, 10], to which WDPR has submitted a reply [Doc. 11]. For the reasons set forth herein, the motion to dismiss [Doc. 6] will be **GRANTED** and plaintiffs' claims against WDPR will be **DISMISSED**.

**I.    Relevant Facts**[1]

Plaintiffs, April and Michael Conner and their child, G.C., are citizens and residents of Tennessee [Doc. 1-2, ¶ 1].  Defendants, Disney Destinations, LLC ("Disney Destinations"), WDPR, Disney Store USA, LLC ("Disney Store"), and Li and Fung Trading Limited ("Li and Fung"), are business entities that are incorporated with their principal places of business in states other than Tennessee [*Id.*, ¶¶ 2-12].  Plaintiffs allege that on or about December 12, 2010, plaintiff April Connor purchased a Disney Lightning McQueen watch (the "Watch") at the Bayview Gifts and Fashions in the Contemporary Resort at the Walt Disney World Resort in Florida [*Id.*, ¶ 13].  Upon returning to Tennessee, plaintiff April Connor gave the Watch to her son, G.C. and he slept with the Watch on his right wrist [*Id.*, ¶ 14].  Plaintiffs allege that G.C. woke up the next day with a severe third degree burn on the top of his right wrist where the Watch had been and that the burn required extensive medical care and caused pain, suffering and permanent scarring to G.C. [*Id.*, ¶¶ 15, 16].

Plaintiffs initiated this lawsuit in state court against Disney Destinations, WDPR, the Disney Store, and Li and Fung, asserting claims arising out of the alleged injuries caused by the Watch to G.C.  Plaintiffs claims arise under various theories of liability, including breach of warranty, failure to warn, tortious misrepresentation, strict liability, and a violation of the

---

[1] The following facts are taken mostly from the complaint [Doc. 1-2], will be taken as true for purposes of the motion to dismiss, and will be resolved in plaintiffs' favor.  *See, e.g.*, *Gordon v. Greenview Hosp., Inc.*, 300 S.W.3d 635, 644 (Tenn. 2009) (noting that for purposes of a Rule 12(b)(2) motion to dismiss, "[a] trial court must take as true all the allegations in the plaintiff's complaint and supporting papers, if any, and must resolve all factual disputes in the plaintiff's favor").

2

Tennessee Consumer Protection Act, Tenn. Code Ann. §§ 47-18-101, *et seq.* (the "TCPA") [*Id.*]. Plaintiffs seek compensatory damages, treble damages under the TCPA, and attorney's fees [*Id.*, ¶¶ 44-46]. Disney Destinations, WDPR, and Disney Store removed the action to this Court [Doc. 1] and WDPR filed the motion to dismiss [Doc. 6] pursuant to Rule 12(b)(2).[2]

## II. Standard of Review

In the context of a Rule 12(b)(2) motion based on lack of personal jurisdiction, the plaintiff bears the burden of establishing the existence of personal jurisdiction. *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007) (citing *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir.1989)). A district court may address such a motion on the parties' submissions or it may permit limited discovery and hold an evidentiary hearing. *Id.* When, as here, the Court does not conduct an evidentiary hearing and relies solely on written submissions and affidavits to resolve the Rule 12(b)(2) motion, "the plaintiff need only make a prima facie showing of jurisdiction. In this situation, [the Court] will not consider facts proffered by the defendant that conflict with those offered by the plaintiff, and [it] will construe the facts in a light most favorable to the nonmoving party." *Indah v. S.E.C.*, 661 F.3d 914, 920 (6th Cir. 2011) (internal citations and quotations omitted). Because the Court relies solely on the written submissions and affidavits to resolve

---

[2]As of the date of this order, summons has been issued but the Court has no record of Li and Fung having been served.

the jurisdictional issue, the burden on plaintiffs is "relatively slight." *See Air Prods.*, 503 F.3d at 549 (citing *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir. 1988)).

In diversity cases, federal courts apply the law of the forum state, subject to constitutional limitations, to determine whether personal jurisdiction exists. *Aristech Chem. Int'l Ltd. v. Acrylic Fabricators Ltd.*, 138 F.3d 624, 627 (6th Cir. 1998); *Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1115 (6th Cir. 1994). Thus, a court must look not only to the forum state's long-arm statute, but also to the due process requirements of the United States Constitution. *Aristech*, 138 F.3d at 627; *Reynolds*, 23 F.3d at 1115. Tennessee's long-arm statute, Tenn. Code Ann. § 20-2-214, expands the jurisdiction of Tennessee courts to the full limit permitted by due process. *Gordon v. Greenview Hosp., Inc.*, 300 S.W.3d 635, 645 (Tenn. 2009). When a state's long-arm statute reaches as far as the limits of the Due Process Clause, the two inquiries merge, and the Court need only determine whether the exercise of personal jurisdiction violates constitutional due process. *Aristech*, 138 F.3d at 627.

"Due process requires that a defendant have minimum contacts . . . with the forum State . . . such that he should reasonably anticipate being haled into court there.'" *Schneider v. Hardesty*, 669 F.3d 693, 701 (6th Cir. 2012) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291, 297 (1980)). This requirement ensures that the exercise of jurisdiction does not "offend traditional notions of fair play and substantial justice." *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Schneider*, 669 F.3d at 701. Depending on the type of minimum contacts in a case, personal jurisdiction can take one of two forms,

4

general or specific. *Air Prods.*, 503 F.3d at 550. Specific personal jurisdiction is the only type of jurisdiction at issue in this case [Doc. 10, p. 3].

"Specific jurisdiction is confined to the adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Indah*, 661 F.3d at 920 (quoting *Goodyear Dunlop Tires Organization v. Brown*, — U.S. — , — , 131 S.Ct. 2846, 2851 (2011)). That is, specific jurisdiction "exposes the defendant to suit in the forum state only on claims that 'arise out of or relate to' a defendant's contacts with the forum." *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 149 (6th Cir. 1997) (citing *Helicopteros Nacionales de Colombia S.A., v. Hall*, 466 U.S. 408, 414-415 & nn. 8-10 (1984)). The United States Court of Appeals for the Sixth Circuit has developed three criteria for determining whether specific jurisdiction exists over a particular defendant:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968).

Thus, for the exercise of specific personal jurisdiction to be appropriate, WDPR must have purposefully availed itself of the privilege of acting or causing a consequence in Tennessee, the cause of action must arise from WDPR's activities in Tennessee, and WDPR's acts or the consequences of its acts must have a substantial enough connection with

5

Tennessee to make the exercise of personal jurisdiction reasonable. *Mohasco*, 401 F.2d at 381.

**III.   Analysis**

WDPR argues that there is no basis for a finding of specific personal jurisdiction over WDPR in Tennessee because plaintiffs have not alleged any facts suggesting that WDPR intended to target Tennessee or serve its market. In addition, WDPR submits that plaintiffs' allegations that WDPR introduced the Watch into the "stream of commerce," where it ultimately reached Tennessee and caused an injury to G.C., does not, without a showing that WDPR purposefully availed itself of conducting activities in Tennessee, suffice to establish specific personal jurisdiction.

In response, plaintiffs assert that WDPR has the requisite minimum contacts with Tennessee necessary for specific personal jurisdiction because WDPR markets and advertises its resorts and products in Tennessee through its affiliations and agency relationships with other defendants, namely, Disney Destinations. Plaintiffs assert that WDPR voluntarily placed its product into the stream of commerce with the expectation that it would reach Tennessee and thus, WDPR has subjected itself to personal jurisdiction in Tennessee, the state where the products it produces ultimately caused injuries. Plaintiffs also assert that under Tennessee law, Tennessee has personal jurisdiction over a defendant even if the tortious conduct occurred outside Tennessee, as long as the resulting injury occurred within Tennessee.

Plaintiffs are correct that when there is an agency relationship between two corporations, the actions of one corporation may be attributed to another corporation for purposes of establishing personal jurisdiction. *See Gordon*, 300 S.W.3d at 652. That is, when a plaintiff responds to a motion to dismiss for lack of personal jurisdiction and argues that personal jurisdiction is established by virtue of the defendant's agency relationship with another defendant, the burden of proof for showing that agency relationship is on the plaintiff, the party asserting agency. *See id.* at 653. In this case, however, plaintiffs have set forth no evidence of an agency relationship between WDPR and Disney Destinations, no evidence that the two defendants are alter egos of one another, and no evidence that WDPR is anything but a separate and distinct entity from the other corporate defendants, including Disney Destinations. *See id.* (noting that Tennessee courts have been "reluctant to disregard the separate existence of related corporations and thus have consistently given substantial weight to the presumption of separateness").

Plaintiffs, in making their personal jurisdiction argument premised on agency, rely solely on unsupported allegations contained in their response of an agency relationship between WDPR and Disney Destinations [Doc. 10, pp. 5-6]. In contrast, WDPR has provided an affidavit by Marsha Reed ("Reed"), vice president and secretary of WDPR, in which Reed asserts that WDPR did not act through any agents in Tennessee, that WDPR does not own or operate Disney Destinations, and that Disney Destinations does not own or

7

operate WDPR [Doc. 7, ¶¶ 9, 16].[3] Plaintiffs have presented no evidence to rebut Reed's statements.[4] Plaintiffs have also failed to demonstrate how any alleged advertising by WDPR in Tennessee gives rise to plaintiffs' purchase of the Watch and the resulting alleged injury to G.C. Because specific jurisdiction "is confined to adjudication of 'issues deriving from, or connected with, the very controversy that establishes jurisdiction[,]'" *Goodyear*, 131 S.Ct. at 2851, the Court finds that plaintiffs have failed to show the requisite nexus between the alleged advertising and the alleged injury to G.C.

While plaintiffs assert that WDPR sold its products, including the Watch, in Florida, but expected those products to be brought to Tennessee, plaintiffs have provided no evidence to support this assertion. Moreover, cases from the Supreme Court have rejected such a tenuous assertion of minimum contacts as a basis for specific personal jurisdiction. In *Ashai Metal Indus. v. Superior Court of Cal., Solano Cnty.*, the Supreme Court "rejected the assertion that a *consumer's* unilateral act of bringing the defendant's product into the forum State [is] a sufficient constitutional basis for personal jurisdiction over [a] defendant," and indicated that placement of a product into the stream of commerce, without more, is not an act that a defendant purposefully directs toward the forum state. *Id.*, 480 U.S. 102, 109

---

[3]In ruling on a Rule 12(b)(2) motion to dismiss, the district court, in its discretion, "may decide the motion upon the affidavits alone[.]" *Carrier Corp. v. Outokumpu Oyj*, — F.3d —, —, 2012 WL 678151, at *14 (6th Cir. Mar. 2, 2012) (quotations and citation omitted).

[4]"The plaintiff bears the burden of establishing that [personal] jurisdiction exists." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). "[I]n the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleading alone but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Id.*

8

(1987) (citing *World-Wide*, 444 U.S. at 295-96); *J. McIntrye Mach., Ltd. v. Nicastro*, — U.S. —.—, 131 S.Ct. 2780, 2788-89 (Jun. 27, 2011). Recently in *Nicastro*, the Supreme Court held that a defendant is not subject to personal jurisdiction merely by placing a product into the stream of commerce, noting that personal jurisdiction is only permitted when a defendant "targeted the forum[,]" and that "it is not enough that the defendant might have predicted that its goods will reach the forum State[]" for purposes of specific personal jurisdiction. *Id.*, 131 S.Ct. at 2788.

For specific personal jurisdiction to be established, it must be shown that a defendant purposefully directed it activities toward the citizens of the forum state and that such activities resulted in injuries arising out of or relating to those activities. *Lindsey v. Trinity Commc'n*, 275 S.W.3d 411, 417-18 (Tenn. 2009) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985)). Here, the evidence shows that plaintiffs purchased the Watch in Florida and brought it to Tennessee where it allegedly injured G.C. However, there is no evidence that WDPR conducts its business or acts through any agent in Tennessee [Doc. 7, ¶¶ 9, 14], no evidence that WDPR advertises or markets its products in Tennessee [*Id.*, ¶¶ 16, 17], and no evidence that WDPR manufactures, sells, or distributes any products in or to Tennessee [*Id.*, ¶ 19]. Thus, the Court finds that plaintiffs have not met their burden of showing competent evidence that WDPR directed specific conduct towards Tennessee and have not shown how any alleged activities of WDPR targeted Tennessee and gave rise to G.C.'s alleged injury. *See Lindsey*, 275 S.W.3d at 417-18.

Finally, the Court disagrees with plaintiffs' argument that specific personal jurisdiction is established over a defendant if the alleged injury occurs in the forum state, even if the tortious conduct occurred outside the forum state, simply because the defendant placed its product into the stream of commerce. As support for this assertion, plaintiffs rely on several federal and state court decisions decided prior to *Ashai* and *Nicastro*. The Court, however, has reviewed the older cases cited by plaintiffs and finds that the Supreme Court's articulation and analysis of the law regarding specific personal jurisdiction in *Ashai* and *Nicastro* do not support the continued applications of the rationales articulated in those older cases to this case.

## IV. Conclusion

For the reasons given above, WDPR's Motion to Dismiss [Doc. 6] is **GRANTED** and plaintiffs' claims against WDPR are **DISMISSED** for lack of specific personal jurisdiction.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE